[719 NYS2d 664]

In the Matter of GARY J. ROTHMAN, an Attorney, Resignor.

Second Department, January 16, 2001

### APPEARANCES OF COUNSEL

*Gary J. Rothman,* Brooklyn, resignor *pro se.*

*Diana Maxfield Kearse,* Brooklyn, for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Gary J. Rothman has submitted an affidavit dated September 18, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Rothman was admitted to the practice of law by the Appellate Division of the

Supreme Court in the Second Judicial Department, on February 21, 1973.

Mr. Rothman avers that the instant resignation is freely and voluntarily tendered, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Rothman acknowledges that the Grievance Committee is currently investigating allegations of professional misconduct against him. By letter dated June 9, 2000, Mr. Rothman's attorney notified this Court that on May 12, 2000, in the Supreme Court, New York County, Mr. Rothman entered a plea of guilty to conspiracy in the fifth degree, a class A misdemeanor, in violation of Penal Law § 105.05 (1). Mr. Rothman's plea was based on his admission that between 1993 and 1994 he had agreed with one Edward Quigley and others to engage in conduct constituting the crime of commercial bribing in the first degree, a class E felony. However, he pleaded guilty to a class A misdemeanor, not to the class E felony. Mr. Rothman admittedly intended to act together with Mr. Quigley and others to collect moneys from attorneys, which moneys were to be used, *inter alia*, to pay adjusters employed by insurance companies, without the companies' consent. The purpose of this arrangement was to influence the adjusters' conduct in relation to the settlement of personal injury cases.

Mr. Rothman was sentenced on June 30, 2000, by the Honorable Bernard Fried to a conditional discharge, with the specific condition that he pay a fine of $1,000.

Mr. Rothman acknowledges that he could not successfully defend himself on the merits against charges predicated upon the above facts.

Mr. Rothman's resignation is submitted subject to any application which could be made by the Grievance Committee for the Second and Eleventh Judicial Districts for an order directing restitution and reimbursement to the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Rothman is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as Mr. Rothman's resignation complies with all pertinent court rules and regulations, it is accepted, he is

disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, ACTING P. J., O'BRIEN, SANTUCCI, S. MILLER and FRIEDMANN, JJ., concur.

Ordered that the resignation of Gary J. Rothman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gary J. Rothman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Gary J. Rothman shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gary J. Rothman is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.